CONLAN, J.
Appeal from an order of special term requiring a pleading to be made more definite and certain in,particulars referred to in the order appealed from. The action was brought to recover the amount of a certain promissory note made by the defendant. The answer, as originally served, admitted all the allegations of the complaint, and then proceeded to further answer and allege certain things by way of defense, set-off, recoupment, cause of action, and counterclaim. -To this form -of pleading the plaintiff objected, and an order was made upon motion at special term requiring the pleading to be made more definite and certain by separately stating each and every defense or counterclaim, so as to show whether the pleading intended the allegations as matters of defense or counterclaim. An amended answer was served pursuant to this order, and the plaintiff, being of the opinion that the terms of the order had not been complied with by the service of this amended pleading, made second application to the court for relief, which resulted in the order appealed from. In the-second paragraph of the amended answer the pleader says: “And, by way of defense to the matters therein alleged, avers and says.” And he then proceeds substantially as in his original answer, until he reaches paragraph 4 of the amended pleading, and therein he asks tó be allowed to recover on his counterclaim.
It appears to us that the only question to be decided on this appeal is whether or not the order appealed from is one resting in discretion, and not affecting a substantial right; for, if it did, then the plaintiff concedes that an appeal will lie. It' has been over and again decided that an order requiring a pleading to be made more definite and certain is one of discretion, and authorities need not be cited to sustain this view of the case. A proper scale in which to weigh the order appealed from is, did it deprive the *295 -defendant of any right to which he was entitled, or of the privilege of alleging anything which he deemed material to the issue? Or, did it compel him to abandon anything which he had set up in his answer, no matter in what form pleaded? Or, did it order stricken out any material allegation in the peading, the employment whereof would result in any advantage to him upon the trial of the action? If it did none of these things, it did not then affect a substantial right.
Under the Code a party is entitled to know whether matter contained in an answer is pleaded as a defense or as a counterclaim, and one may not set up as matters of defense even something amounting to an indebtedness in favor of the defendant over and above the amount for which the plaintiff demands judgment for the balance, even if he prove it, unless he has pleaded the same as a counterclaim; and, although section 507 of the Code allows many defenses or counterclaims, or both, each defense or counterclaim must be separately stated and numbered. Pleading a matter as a defense, therefore, is not pleading it as a counterclaim. The plaintiff had a right to lmow whether the matter pleaded was intended as a defense only, or as a counterclaim requiring a reply; and we are not prepared to say that he was not wholly justified in his opinion as to the doubt or uncertainty. of the meaning of the answer in question. We are of the opinion that the order made was one resting in discretion, and did not affect a substantial right, and, as the defendant was not prejudiced thereby, that the same was not appealable, and its terms should be complied with.
Appeal dismissed, with costs and disbursements.